IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY JOE WILLIAMS                                                                    PLAINTIFF

V.                         NO. 14-5163

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bobby Joe Williams, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on June 19, 2012, alleging an inability to work since April 5, 2011, due to his education, depression, eye sight (glaucoma), inability to read and write well, and migraine headaches. (Tr. 143-146, 165, 174).  An administrative hearing was held on May 15, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 22-50).

By written decision dated June 10, 2013, the ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments - glaucoma and

1

headaches. (Tr. 12).  The ALJ also determined that Plaintiff did not have an impairment or combination of impairments that has significantly limited the ability to perform basic work-related activities for 12 consecutive months and therefore, Plaintiff did not have a severe impairment or combination of impairments. (Tr. 12).  The ALJ concluded that Plaintiff has not been under a disability from April 5, 2011 through the date of the decision. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 3, 2014. (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari,

258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff argues that the ALJ did not use the correct legal standards and that there is not substantial evidence to support his final decision that Plaintiff was not disabled.

#### A.  Step Two Determination:

Plaintiff contends the ALJ failed to properly consider the record as a whole in determining Plaintiff's medically determinable impairments, and failed to include any assessment of the severity of Plaintiff's kidney problems and alleged mental impairments. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989). It is Plaintiff's burden to prove that he suffers from a severe impairment, not the ALJ's. Freeman v. Colvin, No. 4:13-CV-01034, 2015 WL 1565232 at *2 (W.D.Mo. Apr. 8, 2015)(citing Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007).

With respect to Plaintiff's kidney problems, Plaintiff was treated for kidney stones in 2011 and 2012, and the last treatment record dated May 30, 2012, from Northwest Arkansas Urology Associates, reflected a left distal ureteral stone and left renal stones. Plaintiff was reported as "[a]symptomatic" and it was unclear if Plaintiff had passed his distal ureteral stone. (Tr. 387). The doctor reported that there might be a possibility of "silent obstruction," and reported that he explained to Plaintiff about the concern about some obstruction. (Tr.

4

387). The doctor believed Plaintiff needed additional imaging to rule it out, but did not believe he required any significant follow-up as long as he continued conservative dietary measures to help decrease the risk of stone progression. (Tr. 387). There are no other records to indicate that Plaintiff suffered from any other "kidney problems" after that date. The Court therefore believes there is substantial evidence to support the fact that Plaintiff's "kidney problems" were not severe.

Regarding Plaintiff's alleged mental impairments, Plaintiff listed depression as one of his conditions that limited his ability to work. However, there is minimal evidence in the record concerning Plaintiff's alleged depression, and no evidence in the record that the alleged depression caused more than a minimal effect on his ability to work.

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings at Step Two.

### B.   Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ should have sent Plaintiff for a psychological consultative examination and that the ALJ failed to develop the record regarding Plaintiff's physical allegations, including hand pain and swelling, and his continued eye and vision impairments.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his

case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

In his decision, the ALJ noted that Plaintiff's attorney requested that a psychological evaluation be ordered for the Plaintiff, based on his depression and learning disability. (Tr. 16). However, the ALJ did not find that the record supported a need for further development. "The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. " Freeman, 2015 WL 1565232 at *2, citing Martise v. Astrue, 641 F.3d 909, 926-27 (8th Cir. 2011).

The record reflects that on July 21, 2011, when Plaintiff presented himself to Northwest Medical Center complaining of flank pain, it was noted that Plaintiff was oriented to person, place and time with normal affect. (Tr. 368). On March 31, 2012, when Plaintiff again presented himself to the Northwest Medical Center complaining of flank pain, the record reflects that Plaintiff demonstrated normal behavior appropriate for his age and situation and demonstrated the ability and willingness to learn. (Tr. 335).

On May 30, 2012, when Plaintiff saw Dr. Chad Brekelbaum, of Northwest Arkansas Urology Associates for his kidney stone pain, Plaintiff was reported as "Satisfied with life, not depressed." (Tr. 385). In addition, during the hearing held before the ALJ, Plaintiff did not discuss any mental or emotional impairment. There is also no indication in the record that Plaintiff sought mental health treatment or that he was referred for mental health care, and the ALJ noted this in his opinion. (Tr. 16). The lack of any indication that Plaintiff received mental health treatment or that physicians referred him for treatment contradicts his complaints. See Kirby, 500 F.3d at 709.

With respect to Plaintiff's other alleged physical ailments, hand pain and swelling, and his continued eye and vision impairments, at the hearing, Plaintiff testified that prior to taking medication for his headaches, he was having them all the time and they lasted 5 to 6 days sometimes. (Tr. 33). He testified that he had medication that helped that he took every day, and was having headaches "probably once a month but they don't last but about a half a day." (Tr. 34). Plaintiff testified that when he first got up in the morning, his hands were real swollen and that they swelled up once or twice a day. (Tr. 35). Plaintiff stated that he talked to a doctor about the hand swelling, but he never said anything about it. (Tr. 36). Plaintiff also testified that he did not have any problems with housework or vacuuming, except there were times that he just didn't feel like it. (Tr. 37).

With respect to his vision problems, the ALJ noted that the last glaucoma visit indicated that Plaintiff had stable visual acuity in both eyes. (Tr. 16, 259). The Court also notes that at the hearing held before the ALJ, Plaintiff testified that it might have been two years since he saw his eye doctor, because he really did not like him. (Tr. 31). Plaintiff's lack of consistent treatment is contrary to the vision limitations he alleges. See Johnston v.

7

Apfel, 210 F.3d 870, 874 (8th Cir. 2000)(holding that the medical record showed that Plaintiff had good visual acuity, no color vision abnormalities, no optic nerve compromise, and no visual loss as a result of her thyroid condition and that Plaintiff's eye disease was not progressive and had stabilized).  With respect to Plaintiff's reading and writing, the ALJ noted that this had not prevented him from engaging in work at the level of substantial gainful activity in the past.  Plaintiff's daily activities, which consisted driving, shopping, grilling, and visiting with family, were also considered by the ALJ. (Tr. 14).

The Court finds there is substantial evidence in the record which contains sufficient evidence for the ALJ to make a determination regarding Plaintiff's alleged physical and mental limitations, and the ALJ did not fail to fully and fairly develop the record.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 24th day of July, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE